UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MITCHELL HAYES,           )
                          )
     Plaintiff,           )
                          )    No.    1:16-CV-36-TWP-CHS
v.                        )
                          )
HAMILTON COUNTY SHERIFF'S )
DEPARTMENT and TY WILLIAMS,)
                          )
     Defendants.          )
                          )

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of 42 U.S.C. §1983. On December 11, 2017, the Court entered an order providing Plaintiff with thirty days to pay the filing fee or submit the documents necessary to proceed *in forma pauperis* [Doc. 3]. The United States Postal Service, however, returned the envelope containing this order with a notation indicating that the Court's mail to Plaintiff could not be delivered because Plaintiff is no longer at the last address that Plaintiff provided to the Court [Doc. 7 at 4]. Further, after the Court entered its deficiency order, Defendant Hamilton County Sheriff's Department filed a notice with the Court indicating that Plaintiff was released on April 17, 2017 [Doc. 5].

Accordingly, on May 3, 2018, the Court entered an order requiring Plaintiff to show cause as to why this matter should not be dismissed for want of prosecution within fifteen days of entry of that order [Doc. 8]. More than eighteen[1] days have passed and Plaintiff has not complied with this order or otherwise communicated with the Court. As such, for the reasons set forth below,

---

[1] Service of the Court's previous order was made by mail pursuant to Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure. Accordingly, Plaintiff had an additional three days to respond to the order. Fed. R. Civ. P. 6(d).

this matter will be **DISMISSED** due to Plaintiff's failure to prosecute and failure to comply with the Court's orders.

Rule 41(b) of the Federal Rule of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff has failed to update his address and/or monitor this action as this Court's Local Rule 83.13 requires.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss the case if Plaintiff did not timely comply with the Court's previous order [Doc. 8 p. 1].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner who was seeking leave to proceed *in forma pauperis* in this

action [Doc. 1] and Plaintiff has not pursued this action since filing his complaint and motion for leave to proceed *in forma pauperis* [Docs. 1 and 2] more than a year ago.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b).  *White v. City of Grand Rapids*, No. 01-229234, 34 F. App'x 210, 211, 2002 WL 926998, at *1 (6th Cir. May 7, 2002) (finding that a pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe,* 951 F.2d 108 (6th Cir. 1991). Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R:**

s/ Thomas W. Phillips<br>SENIOR UNITED STATES DISTRICT JUDGE